**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

Hank Heckman and Loren Garcia,
Petitioners Below, Petitioners

**v.) No. 24-322** (22-ICA-163)

Betsy Jividen, Jeff Sandy,
and Patrick Morrisey, Individually,
and David Kelly, Commissioner of the
West Virginia Division of Corrections
and Rehabilitation, Michael Baylous,
Secretary of the Department of Homeland
Security, and John B. McCuskey,
Attorney General of West Virginia,
in their Official Capacities,
Respondents Below, Respondents

## MEMORANDUM DECISION

Petitioners Hank Heckman and Loren Garcia appeal the decision of the Intermediate Court of Appeals of West Virginia ("ICA"), affirming the orders of the Circuit Court of Kanawha County that granted the respondents' motions to dismiss their complaint.[1] *See Heckman v. Jividen*, 249 W. Va. 734, 901 S.E.2d 297 (Ct. App. 2024). The petitioners argue that the ICA erred in concluding that the respondents were entitled to absolute and qualified immunity. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision summarily affirming the ICA's decision is appropriate. *See* W. Va. R. App. P. 21(c).

The petitioners filed civil complaints, individually and as a purported class action, which were consolidated, alleging various claims against the respondents in their individual and official capacities. The claims related to review of the internal policies of the West Virginia Department

---

[1] The petitioners are represented by counsel Jeremy B. Cooper. Respondents Betsy Jividen, Jeff Sandy, David Kelly, in his official capacity as Commissioner of the West Virginia Division of Corrections and Rehabilitation, and Michael Baylous, in his official capacity as Secretary of the Department of Homeland Security, are represented by William E. Murray and Andrew R. Herrick. Respondents Patrick Morrisey and John B. McCuskey, in his official capacity as Attorney General of West Virginia, are represented by Johnnie E. Brown and James A. Muldoon. Because new officials took office while this appeal was pending, their names have been substituted for the respondents sued in their official capacity. *See* W. Va. R. App. P. 41(c).

of Corrections and Rehabilitation ("DCR") for commutation from sentences for good conduct ("good time credit") and for parole eligibility. According to the complaint, after that internal review, DCR adopted a new policy making inmates who are incarcerated for violating conditions of their supervised release ineligible for both parole and for good time credit. Later, DCR adopted a written policy removing good time credit eligibility for those inmates incarcerated based on revocation of supervised probation. According to the petitioners, DCR did not issue a similar written policy regarding parole eligibility. Relevant to this appeal, the complaint alleged that these changes then led the respondents to take related actions that resulted in the petitioners' reincarceration, associated litigation, and the Legislature's adoption of West Virginia Code § 15A-4-17, a statute that codified DCR's policy involving eligibility for good time credit. The respondents filed motions to dismiss, which were granted by the circuit court. The circuit court concluded, among other things, that Respondents Jividen and Sandy were entitled to qualified immunity for the petitioners' constitutional claims and absolute immunity for administrative policy-making functions. In a separate order, the circuit court also concluded, among other things, that Respondent Morrisey was entitled to absolute prosecutorial immunity, qualified immunity, and sovereign immunity.

The petitioners appealed to the ICA. After analyzing the complaint allegations, the ICA concluded that absolute immunity barred the petitioners' claims involving judicial and legislative acts against Respondent Morrisey, then-Attorney General, and Respondent Sandy, then-Secretary of the Department of Homeland Security. Likewise, the ICA concluded that the petitioners' claims against Respondent Jividen, then-Commissioner of the DCR, and Respondent Sandy involving administrative policy-making were barred by absolute immunity. The remaining claim involved the issuance of related arrest warrants by Respondent Jividen. The ICA determined that qualified immunity barred that claim because, at that time, the discretionary act of issuing arrest warrants did not violate a clearly established constitutional or statutory right of which she should reasonably have been aware. The ICA declined to address any other assignments of error. The petitioners appeal.

On appeal to this Court, the petitioners assert only two assignments of error: that the ICA erred in concluding that qualified immunity applied to their claims involving constitutional rights and that the ICA erred in determining that absolute immunity applied to all the alleged actions of Respondents Morrisey and Sandy. We apply a de novo standard of review to an ICA decision from a circuit court's grant of a motion to dismiss. Syl. Pt. 1, *Folse v. Rollyson*, 251 W. Va. 566, 915 S.E.2d 344 (2025). Here, upon consideration of the record and briefs, we conclude there is no reversible error based on the two assignments of error presented to this Court, and we agree that the allegations against the respondents are barred by absolute and qualified immunity. *See, e.g.*, *W. Va. Reg'l Jail & Corr. Facility Auth. v. A.B.*, 234 W. Va. 492, 766 S.E.2d 751 (2014) (discussing the application of qualified immunity for the discretionary acts of public officials absent violation of clearly established laws which a reasonable official would have known, and absolute immunity for judicial, legislative, executive, or administrative policy-making acts or omissions). Accordingly, we summarily affirm.

Affirmed.

**ISSUED:** June 1, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Thomas H. Ewing
Justice Gerald M. Titus III

**DISQUALIFIED:**

Justice Charles S. Trump IV